UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **STEPHANIE MICHELLE MIMS,** | )<br>)<br>) |
| **Claimant,** | )<br>) |
| vs. | ) Civil Action No. 2:24-cv-1342-CLS<br>) |
| **LELAND DUDEK, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,** | )<br>)<br>)<br>)<br>) |
| **Defendant.** | ) |

**MEMORANDUM OPINION**

Claimant, Stephanie Michelle Mims, commenced this action on October 1, 2024, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability and disability insurance benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v.*

*Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983). The court may not "decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner." *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178 (11th Cir. 2011) (alteration supplied).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence, nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ did not adequately explain her reasons for rejecting claimant's subjective complaints. Upon review of the record, the court concludes that claimant's contention lacks merit.

The ALJ found that claimant had the severe impairments of obesity, status post right tibial fracture with intermedullary fixation, lumbar spine degenerative disc disease and spondylosis, generalized anxiety disorder, and major depressive disorder.[1] The ALJ nonetheless concluded that claimant retained

> the residual functional capacity to perform medium work as defined in 20 C.F.R. § 404.1567(c) except the claimant can occasionally climb ramps and stairs; never climb ladders, ropes, scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; have frequent exposure to temperature extremes; and have no exposure to unprotected heights, hazardous machinery, or commercial driving. She can understand and remember simple instructions; maintain attention and concentration to carry out simple instructions in at least two hour intervals over an 8 hour day with customary breaks; have occasional interaction with coworkers and the general public; and adapt to occasional changes in the work

---

[1] Tr. 21.

environment.

Tr. 30. The foregoing conclusions regarding claimant's residual functional capacity reflect the ALJ's consideration of claimant's subjective complaints. Specifically, when formulating claimant's residual functional capacity, the ALJ considered a function report completed by claimant in connection with her application for benefits, and noted that claimant did not allege physical limitations.[2] She also noted claimant's description of her daily activities, including being able to: manage her personal care with some assistance; prepare simple meals; drive or ride in a car; shop every other week for two or more hours; count change; color; watch television; and communicate with others by telephone or text.[3] The ALJ described claimant's testimony during the administrative hearing as follows:

> At the hearing, the claimant endorsed ongoing impairment related symptoms such as, but not limited to, right lower extremity pain with limited ability to stand or walk, back pain, sleep disturbance, and difficulty being around others. She estimated that she can stand or walk about 15 to 30 minutes before she starts experiencing numbness of her back radiating to the lower extremities. She has not sought medical care due to lack of insurance and/or money. She also stated that she stopped working due to her employer's closing down. Overall, the claimant described a very limited functional ability and depends on her mother for daily activities.

Tr. 31.

---

[2] Tr. 31.
[3] *Id.*

Even so, the ALJ found that, in view of the entire record, including objective medical findings and physical examinations, claimant's allegations of the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical and other evidence.[4] Following review of the evidence relating to claimant's physical limitations in view of claimant's subjective complaints, the ALJ concluded:

> Overall, the objective medical evidence does not fully support the claimant's alleged symptoms and limitations. She alleges back and right ankle pain with limitations in standing or walking, and limitations for lifting and carrying. However, the record documents a significant gap in treatment, including for her back pain and/or postoperative care after her right ankle fracture with intermedullary nailing in 2021. Even so, Dr. Romeo [who performed a consultative examination of claimant in February of 2023] noted normal physical findings, including range of motion, strength, sensation, fine and gross manipulation, and gait, despite her reported symptoms and being without treatment for approximately three years. She alleges not being able to afford treatment. While financial constraints may make medical intervention and compliance more difficult, a lack of health insurance does not equate to a finding of disability. Moreover, the evidence shows the claimant did not exhaust all efforts to seek treatment from 2020 through 2023, with no visits to free or subsidized clinics evidenced, despite her knowledge and use of these in the past, and/or personal denial of emergency room visits or hospitalizations. Additionally, she did not allege physical limitations when completing her Function Report, even though she alleged disability due to back, hip, and leg problems. The undersigned notes that the claimant recently established primary care in August 2023, shortly after her notice of hearing reminder, and had normal physical findings consistent with her lack of reported physical symptoms during the visit.

Tr. 34 (alteration supplied and internal citations omitted). The court finds that the

---

[4] Tr. 31-39.

ALJ adequately identified, addressed, and explained her reasons for not fully crediting claimant's alleged subjective symptoms, sufficiently noting the inconsistencies between claimant's reports of her symptoms and the medical and other evidence contained in the record.

Accordingly, the ALJ's conclusion that claimant was not disabled was supported by substantial evidence, in accordance with applicable law, and the decision of the Commissioner is affirmed. A judgment consistent with this memorandum opinion will be entered contemporaneously herewith.

**DONE** this 30th day of April, 2025.

_____
Senior United States District Judge